# GREER, HERZ & ADAMS, L.L.P.

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

**JANET L. RUSHING**  2525 South Shore Blvd., Suite 203
409.797.3204  League City, Texas 77573
866.422.3170 fax  www.greerherz.com

June 30, 2022

Hon. Chief Judge Lee Rosenthal  *Via E-file*
U.S. District Court for the Southern District of Texas

    Re:    Case No. 4:22-cv-00590; *Roe v. Snap, Inc., et al.*

Dear Judge Rosenthal:

    The undersigned counsel has not located any Texas state or federal case analyzing whether a Plaintiff must give pre-suit notice to a former employee under TEX. EDUC. CODE §22.0513, the provision providing procedural protections attendant to the civil immunity also found in Subchapter B, Chapter 22 of the Texas Education Code. The question appears to be one of first impression. But the answer is clear—these provisions attach to *acts during employment*,[i] and apply even if employment ends prior to suit. Any holding to the contrary would gut Legislative intent without textual support, and would cripple the civil immunity statute's application without rational basis.

    TEX. EDUC. CODE Ch. 22, subch. B confers **broad immunity** to teachers and others, in addition to existing common-law immunity doctrines; it even incorporates federal protections for teachers. *See id*. at 22.051(b), 22.0511(c); Senate Research Center, Bill Analysis, S.B. 930, 78th Leg., R.S. (2003) (bill "maintains the current broad immunities that Texas law provides for teachers"). Among its protections are administrative remedy exhaustion, presuit notice, and limited personal liability. *See* TEX. EDUC. CODE §§ 22.0513, 22.0514, 22.0515. Reading the subchapter in context, immunity applies to "**any act** that is incident to or within the scope" of employment that involves the employee's discretion or exercise of judgment. TEX. EDUC. CODE § 22.0511(a) (emphasis added). A "professional employee of a school district" is defined inclusively, not exhaustively, for purposes of the statute. TEX. EDUC. CODE § 22.051(a). Teachers, including substitute teachers, are protected; and former employees are not excluded. *Id*.; *see* TEX. GOVT. CODE § 311.005(13) (defining "includes" as a term of enlargement, not limitation; no presumption exists to exclude any unexpressed term). The statute necessarily attaches once actions occur during employment. That is, the analysis is whether the challenged acts were by a professional employee, and not whether a defendant in a lawsuit is currently employed. To hold otherwise would negate immunity for teachers who leave a school district after an incident occurs, even when the job change is unrelated to the incident (e.g., to continue their education, change careers or take a job in a differing district). It would also allow plaintiffs to circumvent the statute by waiting to see if employment ends before filing suit.

    Statutes are read to give effect to Legislative intent, and will not be read to render any part meaningless or to produce absurd results. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014); *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *see also* Tex. Gov't Code § 311.021 (presumption is that the entire statute is intended to be effective, and to achieve a just and reasonable result). To read the term "professional employee of a school district" as excluding a former teacher would eviscerate teacher immunity and strip teachers of their statutory protections; such cannot have been the Legislature's intent.

    */s/ Janet L. Rushing*
    Counsel for Bonnie Guess-Mazock

---

[i] In conferring immunity from liability and in providing procedural protections, the statute uses the same defined term "professional employee of a school district." TEX. EDUC. CODE § 22.0511 provides immunity to "a professional employee of a school district" for "any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee" save and except situations where the professional employee uses excessive force in disciplining a student or where negligence results in bodily injury to a student. Neither of the exceptions apply here.

.

Hon. Chief Judge Rosenthal
June 30, 2022
Page 2

      Re:    Case No. 4:22-cv-00590; *Roe v. Snap, Inc., et al.*

---

cc (via E-file):

    Counsel for Plaintiff:
    Derek Merman
    Kane Kenney
    Elizabeth Blount
    HEARD MERMAN LAW FIRM
    4900 Fournace Place, Suite 240
    Bellaire, Texas 77401
    Derek@HeardMerman.com
    Kane@HeardMerman.com
    Eblount@HeardMermanLawFirm.com
    HLFpi@HeardMerman.com

    Counsel for Defendant Conroe ISD:
    Clay T. Grover
    cgrover@rmgllp.com
    Jonathan G. Brush
    jbrush@rmgllp.com
    Alexa Gould
    agould@rmgllp.com
    ROGERS, MORRIS & GLOVER, LLP
    5718 Westheimer, Suite 1200
    Houston, Texas 77057

    Counsel for Defendant Snap Inc.:
    Eileen Ahern
    eahern@willenken.com
    Mayra de Aguiar
    Breeanna Brewer
    WILLENKEN LLP
    707 Wilshire Blvd., Suite 3850
    Los Angeles, California 90017

    Marcy Lynn Rothman
    mrothman@krcl.com
    Heather Kabele
    hkabele@krcl.com
    KANE RUSSELL COLEMAN LOGAN PC
    5151 San Felipe St., Ste. 800
    Houston, Texas 77056