IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE, THROUGH NEXT FRIEND JANE ROE, § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. H-22-590 |
| § | |
| SNAP, INC., BONNIE GUESS-MAZOCK, and CONROE INDEPENDENT SCHOOL DISTRICT, § § § § § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

The law is clear that a public-school teacher who sexually preys on a student can be held liable for violating the student's civil rights. But the law is also clear that it takes considerably more than a teacher's own predatory conduct to find the school district or school board that employed the teacher liable. John Doe sued the Conroe Independent School District under 42 U.S.C. § 1983 for its failure to prevent repeated sexual assaults by Doe's science teacher during his sophomore year at the Oak Ridge High School.[1] Doe's amended complaint seeks to hold the District liable for failing to supervise and train its employees, including failing to implement policies that would prevent the kind of harm Doe suffered, and for failing to screen potential employees for the risks they might pose to students. (Docket Entry No. 50 ¶¶ 39–56).

Doe alleges that in October 2021, during his sophomore year at Oak Ridge High School, Doe's science teacher, Bonnie Guess-Mazock, a woman in her thirties, began to "prey" on the fifteen-year-old Doe. (*Id.* ¶ 9). Guess-Mazock asked Doe to "stay with her in the classroom after

---

[1] The court previously dismissed Doe's original complaint against the District for failure to state a claim. (Docket Entry No. 42).

the rest of the classroom was dismissed" and "met with Doe alone with the door to the classroom closed." (*Id*). "At this closed-door meeting, [Guess-Mazock] began to groom Doe for a sexual relationship and, in furtherance of that goal, asked Doe for his Snapchat username." (*Id.* ¶ 10). "[Guess-]Mazock then began to seduce Doe via Snapchat by sending seductive photos of herself appended with solicitous messages." (*Id.*).

Doe alleges that Guess-Mazock "intiate[d] and repeatedly consummate[d] a sexual relationship" with Doe within "a few months" after she was hired to teach in the District. (*Id.* ¶ 30). Throughout the fall and winter of 2021, Guess-Mazock and Doe "had repeated sexual contact . . . at different locations," including Guess-Mazock's car and Doe's home. (*Id.* ¶ 13). Guess-Mazock also purchased, or gave money to Doe to purchase, prescription and over-the-counter drugs, "and encouraged Doe to abuse those substances" before they had sex. (*Id.*). On January 12, 2022, Doe overdosed on prescription drugs that Guess-Mazock gave him or paid him to get. (*Id.*). That led to the discovery of the sexual relationship. Guess-Mazock was fired and was subsequently convicted of state law criminal offenses.

Doe alleges that the District violated § 1983 by failing to adequately train its teachers and staff. (*Id.* ¶ 15–16). Specifically, Doe alleges that the District failed to train teachers and staff in the following areas:

> a. awareness of warning signs that indicate inappropriate student-teacher relationships;
>
> b. the inappropriateness of unsupervised, opposite-sex, private meetings between teachers and students; and
>
> c. communications with students, including sending and receiving sexually explicit content and the warning signs thereof.

(*Id.* ¶ 25).

Doe alleges that Guess-Mazock was not the only teacher in the District who engaged in inappropriate conduct with students. He alleges that a coach was arrested for similar behavior "not long after" Guess-Mazock's arrest. (*Id.* ¶ 16). Doe also alleges that "another CISD teacher that had been recently hired was arrested for soliciting a minor online" months after Guess-Mazock was arrested. (*Id.* ¶ 26). It is not clear whether this teacher is the coach to which Doe refers in paragraph 16 of his amended complaint. Doe alleges that in 2015, the District "initiated an investigation into a sexual relationship between a student and her substitute teacher," which also involved Snapchat communications. (*Id.* ¶ 19). In 2019, another District teacher was arrested after sexually assaulting a student "groomed . . . via Snapchat and text messaging." (*Id.* ¶ 21).

Doe also pleads "on information and belief" that the District "has had at least five instances of sexual assault of a student by employees in recent years." (*Id.* ¶ 48). Doe alleges that these instances demonstrate the District's failure to adequately screen potential employees before hiring them. (*Id.* ¶ 26). Does alleges that if the District had properly screened its employees during the hiring process, it would have uncovered evidence of similar past behavior by Guess-Mazock and her "pedophilic tendencies" at other schools. (*Id.* ¶ 50).

Doe alleges that because the District allowed "unsupervised and unfettered opposite-sex contact between students and teachers," it allowed Guess-Mazock's conduct to continue undetected. (*Id.* ¶ 15). The sexual activities between Guess-Mazock and Doe were discovered only after Doe's guardian investigated after Doe overdosed. (*Id.*). Doe alleges that the principal of Oak Ridge, Anthony Livecchi, "failed to investigate the rumors [of Guess-Mazock's conduct] and failed to intervene in furtherance of CISD's policies, procedures, customs and practices." (*Id.* ¶ 16). Doe alleges that Guess-Mazock "was harassing multiple students" in addition to the harassment he suffered. (*Id.*).

Doe alleges that the District should not have allowed "opposite-sex, student-teacher private meetings on school grounds," and that by "explicitly permitting" these meetings, "the School District promulgated a[] policy and procedure that demonstrates a conscious indifference to the Fourteenth Amendment rights of students of the District and Doe in particular." (*Id.* ¶ 54). Doe also alleges that the "Board's policies allowing conversations via social media platforms notorious for inappropriate and clandestine communications," and its policies allowing "unsupervised text messaging" between teachers and students, demonstrated the District's "conscious indifference to Doe's constitutional right to be free from sexual abuse and harassment." (*Id.* ¶ 18). The District allegedly employed teachers who "had a pattern and history of using social media to have inappropriate, sexually-harassing conversations with students." (*Id.* ¶ 19). Doe alleges that the District was aware of these inappropriate communications, (*id.*), pointing to the 2019 incident. (*Id.* ¶ 21). Doe alleges that the Houston Independent School District, in contrast to the defendant District, does not allow social media communications between teachers and enrolled students. (*Id.* ¶ 21 n.3).

Several members of the District's Board were on the Board in 2015 and 2019, when the incidents to which Doe's complaint refers took place. (*Id.* ¶ 22). Doe alleges that the Board is in charge of the District's policies, practices, and procedures. (*Id.*). Doe alleges that "the pattern and practice" of the District's Board of Trustees "of ignoring and not reporting sexual assault in addition to ignoring concerned parents and students when they raise concerns. . . . demonstrates a conscious indifference to the known constitutional rights" of District students such as Doe, "and was the driving force behind the constitutional deprivation Doe suffered." (*Id.* ¶ 17).

4

## II. The Applicable Legal Standards

### A. The Standard for a Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted lawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the

complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

While a court should "freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), futility of amendment is a proper basis to deny that leave. *Butler v. Porter*, 999 F.3d 287, 298 (5th Cir. 2021); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. The Standard to Hold a School District Liable for a Teacher's Sexual Assaults of a Student

Liability cannot be imposed on school districts under a theory of vicarious liability or *respondeat superior*.[2] *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992). A plaintiff must plausibly allege that a policy or practice attributable to the school district was the "moving force" behind the deprivation of the plaintiff's constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). A policy is the "moving force" behind a constitutional violation only if there is a "direct causal link" between the alleged policy and the injury. *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018). Additionally, the alleged policy or practice in question must have been tolerated or approved by a person or entity with final policymaking authority for the school district. *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 753–54 (5th Cir. 1993). In Texas, the "law is clear that final policymaking authority in an independent school district . . . rests with the district's board of trustees." *Angel v. La Joya Indep. Sch. Dist.*, 717 F. App'x 372, 378 (5th Cir. 2017) (quoting *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993)). To survive a motion to dismiss, Doe must plausibly allege facts showing that that the Board adopted an unconstitutional policy or knew about and acquiesced "in a permanent and

---

[2] Doe states that he is not attempting to hold the District liable under a theory of *respondeat superior*. (Docket Entry No. 58 at 12). The court need not discuss the District's arguments, (Docket Entry No. 51 at 3–4, 9–10), regarding *respondeat superior* liability.

deeply embedded abusive and unconstitutional practice."[3] *Penny v. New Caney Indep. Sch. Dist.*, No. 12-cv-3007, 2013 WL 2295428, at *4 (S.D. Tex. May 23, 2013) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578–79 (5th Cir. 2001)). "Isolated violations of law by [a school district's] employees cannot constitute a custom or policy by [the district's] Board of Trustees." *Id.*

"When a plaintiff bases [his] claim on a failure to implement or enforce a policy or custom," as opposed to claiming that a policy or custom was the moving force behind the violation of the plaintiff's rights, "the facts alleged must support an inference of deliberate indifference to the plaintiff's constitutional rights." *Id.* (citing *Gonzalez*, 996 F.2d at 753–54, 755–56). To act with deliberate indifference, the Board "must know of and disregard an excessive risk to the victim's health or safety." *McLendon v. City of Columbia*, 305 F.3d 314, 326 n.8 (5th Cir. 2002) (alterations omitted). To plead that an official policymaker acted with deliberate indifference, Doe must plead facts showing that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [school district could] reasonably be said to have been deliberately indifferent to the need." *Gonzalez*, 996 F.2d at 757 (quoting reference omitted).

**III.    Analysis**

The complaint appears to allege four areas in which the District can be held liable for the sexual assaults Guess-Mazock committed on John Doe. The first is a policy or practice of failing to adequately conduct pre-employment checks of teachers to detect instances of past predatory behavior. The second is a policy or practice of allowing, by failing to prohibit, the use of social media for inappropriate communications between students and teachers. The third is a policy or

---

[3] Although Doe sometimes attributes conduct to the District alone, in other places he makes allegations against both the District and the Board. For the purposes of its discussion here, the court assumes that Doe's allegations are made against the Board as the policy maker for the District.

practice of allowing, by failing to prohibit, a teacher and student of the opposite sex to meet in an office with the door closed. The fourth is a policy or practice of failing to train and supervise teachers and staff to detect warning signs that a student was being sexually abused by a teacher.

Doe alleges that the District "has a persistent and widespread practice of failing to properly screen [its] potential employees prior to hiring them and placing them into the classroom with vulnerable students." (Docket Entry No. 50 ¶ 48). The District argues that Doe's complaint must be dismissed because he has not identified any aspect of the District's hiring process that caused the constitutional violations Doe suffered. (Docket Entry No. 51 at 4). The District emphasizes there is no allegation of a repeated pattern of failing to screen out sexual predators in the teacher-hiring process. (Docket Entry Nos. 51 at 12, 60 at 8).

The court agrees with the District. Doe fails to plead a policy or practice of failing to screen employees. And, even were the court to assume that Doe adequately alleged a policy or practice of inadequate pre-employment screening, Doe has not alleged facts that could support a causal connection between the policy and his injury. *See Penny*, 2013 WL 2295428, at * 4. Doe offers only the conclusory allegation that "an adequate background check would have revealed Guess-Mazock's pedophilic tendencies." (Docket Entry No. 50 ¶ 50). Doe does not allege facts showing what a background check might have revealed or how it "would have revealed Guess-Mazock's pedophilic tendencies." Doe does not allege, for example, that Guess-Mazock had a criminal record or a record from prior employment that would have raised red flags about Guess-Mazock's danger to students or likelihood to make students the object of sexually predatory behavior.

Doe alleges that the District's allowance of teacher-student communications via social media and text messaging amounts to deliberate indifference towards the rights of students. (Docket Entry No. 50 ¶ 21). The District argues that its official policy on teachers' use of social

8

media and text messaging to communicate with students states that teachers may use these media to communicate with enrolled students "only about matters within the scope of the employee's professional responsibilities." (Docket Entry No. 51 at 5 (quoting Docket Entry No. 51-1)). The policy also states that employees are prohibited from engaging in "inappropriate communications" with students, including sexually explicit communications. (Docket Entry No. 51-1 at 2). The District further argues that Doe has not alleged a pattern of past similar violations that would have put the District on notice that its policy, custom, or practice was constitutionally offensive or would show that it caused the alleged violations of Doe's rights. (Docket Entry No. 51 at 7–8). The District notes that Doe alleges at most five relatively recent incidents, from 2015 to 2022, of District employees sexually assaulting students. (*Id.* at 7; *see also* Docket Entry No. 58 at 9). One of these incidents occurred after Guess-Mazock assaulted Doe. (Docket Entry No. 51 at 7). The District argues that five incidents in recent years are insufficient to find a "pattern" under Fifth Circuit precedent. (*Id.* at 8).

In response, Doe notes that the District's policy does not prohibit the use of personal devices to communicate with students. (Docket Entry No. 58 at 13–14). Doe states that the District's Board "knew [of] this persistent practice by CISD teachers and employees" of sending sexually inappropriate communications to students, (*id.* at 14), presumably because of the 2015 and 2019 instances. (*Id.* at 19). Allowing these communications, Doe contends, represents a municipal policy for which the District may be held liable. (*Id.* at 14). Doe argues that he need not allege a "lengthy pattern" to state a claim against the District. (*Id.* at 15). He argues that, because of the secretive nature of teachers' sexually offensive communications or sexual misconduct with students, discovery is needed to uncover additional instances of misconduct beyond those alleged in the amended complaint. (*Id.* at 15–16).

Doe has not sufficiently alleged that the District's policy on social media messages from teachers to students was the driving force behind the violation of his rights. The official social media policy was not the driving force behind Guess-Mazock's violation of Doe's rights, because she clearly violated that policy when she sent inappropriate text messages to Doe. Doe has similarly failed to allege facts that could show that the District's failure to explicitly prohibit certain teacher-student social communications was a policy or practice put into place with deliberate indifference to the rights of students such as Doe, or that such failure was the but-for cause of his injury.

Doe has not alleged a pattern of sexual assault by teachers, or inappropriate contact between teachers and students through social media, that has "occurred for so long or so frequently," that there was an obvious need for more or different policies or training on teachers' social media use. *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009).[4] Doe alleges that the District had "at least five instances of sexual assault of a student by employees in recent years." (Docket Entry No. 50 ¶ 48). Doe alleges two incidents before his assaults by Guess-Mazock and one incident after his assaults that also involved the use of social media messaging. (*See id.* ¶¶ 19, 21). These are the relevant incidents, because "[a] pattern requires similarity and specificity," meaning that "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Peterson*, 588 F.3d at 851 (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir.2005)). Two instances of sexual misconduct involving social media in such a large school district over six

---

[4] Doe argues that the cases cited by the District are inapposite because they involved rulings on summary judgment, after the parties had the benefit of discovery. (Docket Entry No. 58 at 15). As the District points out, courts have frequently cited those cases when ruling on motions to dismiss. (Docket Entry No. 60 at 4–5). The Fifth Circuit itself has cited *Peterson* in the context of a motion to dismiss. *See Skyy v. City of Arlington*, 712 F. App'x 396, 399 (5th Cir. 2017) (per curiam). Additionally, the court takes Doe's allegations as true on a motion to dismiss.

years is not a pattern so obvious to support an inference that the District acted with deliberate indifference to students' constitutional rights by failing to enact different social media policies or by failing to give additional training to its employees on social media use. Furthermore, Doe has not sufficiently alleged that the district's failure to train or enact different policies was the "moving force" behind the violation of his rights. Guess-Mazock willfully disregarded the existing social media policy, which clearly prohibited her conduct, and the amended complaint does not allege facts from which it could be inferred that Guess-Mazock would have obeyed an absolute prohibition on social media communications between teachers and students.

Next, Doe has not sufficiently alleged that the District's failure to have a policy requiring student-teacher meetings to be in rooms with open doors caused the violation of his rights. And Doe fails to allege facts that could show that the District adopted a custom or practice of permitting closed-door meetings between teachers and students with deliberate indifference to the risk of violating a student's rights.

Doe does not allege that any previous instance of a District employee's sexual assault of a student was related to the lack of an open-door requirement. The allegation that Guess-Mazock preyed on Doe in a classroom with the door closed does not plausibly allege that the Board knew or should have known that allowing teachers to meet with opposite-sex students in closed-door rooms would pose an excessive risk to students' safety. It is not "so obvious" that a teacher who is alone with a student of the opposite sex will sexually assault that student as to require the enactment of an open-door policy. *Gonzalez*, 996 F.2d at 757. Furthermore, the court agrees with the District's argument that the complaint alleges no facts showing that the alleged custom or practice was the cause of the repeated violations of Doe's civil rights. (Docket Entry No. 51 at 6). Guess-Mazock's inappropriate communications with Doe may have begun with a closed-door

meeting, (Docket Entry No. 50 ¶ 9), but the allegations in the amended complaint do not support the inference that the District's lack of an open-door policy caused the violation of Doe's rights. Guess-Mazock "asked for Doe's Snapchat username" behind closed doors, (*id.*); an open-door policy would not have foreclosed Guess-Mazock from making that request during some other moment of privacy with Doe.

Finally, Doe's claim that the school district failed to adequately train its employees to recognize the signs of sexual abuse is also insufficiently pleaded. Doe argues that "[w]hile the "Board provided training regarding recognizing signs of abuse in students . . . . this training was limited to abuse perpetuated by family, guardians, and other persons outside of school employees." (Docket Entry No. 58 at 17–18). The District argues in reply that Doe cannot plausibly plead deliberate indifference through the "illogical inference" that "District employees are unable to take training on how to recognize abuse in one instance and apply it in a different, but similar, instance." (Docket Entry No. 60 at 6). Doe has not alleged facts that would show that the warning signs of sexual abuse by a school employee would be different from the warning signs of sexual abuse by a non-employee, such as a family member, a religious advisor, a coach, or a friend. Doe does not allege that his abuse would not have occurred if District employees had received additional training on the signs of such abuse. And Doe does not allege that he exhibited signs of abuse that would have been recognized by District employees trained to recognize specific signed of abuse of students by a teacher. Doe alleges that Guess-Mazock's abuse was discovered only after Doe's overdose on drugs provided or financed by Guess-Mazock, (Docket Entry No. 50 ¶ 13), not because Doe exhibited warning signs of sexual abuse by a teacher or by anyone else.[5] The facts

---

[5] The court does not mean to suggest that a drug overdose is not itself a "warning sign" of underlying abuse, merely that Doe has not pleaded that additional training on recognizing abuse of students by teachers would have led to the discovery of Guess-Mazock's abuse of Doe.

12

alleged do not support "a direct causal link between the alleged policy [or lack of policy] and the claimed constitutional injury." *Penny*, 2013 WL 2295428, at * 4 (citing *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998))

## IV.     Conclusion

Doe has had an opportunity to amend his complaint. His amended complaint fails to address the pleading deficiencies, and the court finds that further amendment would be futile. The court grants the District's motion to dismiss, (Docket Entry No. 51), with prejudice. Final judgment will be separately entered as to the claims against the District.

SIGNED on November 2, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge