# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED

*December 26, 2023*

Nathan Ochsner, Clerk of Court

No. 22-20543

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2023

Lyle W. Cayce
Clerk

JOHN DOE, THROUGH NEXT FRIEND JANE ROE,

*Plaintiff—Appellant*,

*versus*

SNAP, INCORPORATED, *doing business as* SNAPCHAT, L.L.C., *doing business as* SNAP, L.L.C.,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-590

---

Before HIGGINBOTHAM, GRAVES, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

John Doe, through his legal guardian, appeals the district court's dismissal of his claims against Snap Inc. ("Snap"). He argues that in light of the allegations made against Snap, it cannot claim immunity under § 230 of the Communications Decency Act ("CDA"). *See* 47 U.S.C. § 230(c)(2). However, for the reasons stated below, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-20543

For nearly a year and a half, John Doe ("Doe"), a minor child, was sexually assaulted by his high school science teacher, Bonnie Guess-Mazock ("Mazock"). Mazock utilized the social media platform Snapchat, which is owned by Snap, to groom Doe by sending him sexually explicit content. Eventually, Mazock began to meet with Doe outside of the classroom to encourage and engage in sexual conduct. The abuse was not uncovered until Doe overdosed on prescription drugs that were either provided or financed by Mazock.

Doe eventually sued Mazock, the school district, and Snap. Against Snap, Doe brought claims under Texas law for negligent undertaking, negligent design, and gross negligence. In response, Snap moved to dismiss the suit under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that *inter alia*, Doe's claims were precluded by the CDA.

Relying on this court's precedent, the district court granted Snap's motion. It explained that this court and others have held that § 230 of the CDA provides "immunity . . . to Web-based service providers for all claims stemming from their publication of information created by third parties." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). As Doe's claims against Snap were based on Mazock's messages, the district court found Snap immune from liability.

On appeal, Doe asks us to revisit this issue. He cites several authorities in support of his contention that the broad immunity provided by the CDA goes against its plain text and public policy. However, as Doe himself acknowledges, this argument is contrary to the law of our circuit: "Parties complaining that they were harmed by a Web site's publication of user-generated content . . . may sue the third-party user who generated the content, but not the interactive computer service that enabled them to publish the content online." *MySpace, Inc.*, 528 F.3d at 419; *see also Diez v.*

2

No. 22-20543

*Google, Inc.*, 831 F. App'x 723, 724 (5th Cir. 2020) (unpublished) (per curiam) ("By its plain text, § 230 creates federal immunity to any cause of action that would make internet service providers liable for information originating with a third-party user of the service."). Because we are bound by the decisions of prior panels until such time as they are overruled either by an *en banc* panel of our court or by the Supreme Court, *see Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008), we AFFIRM the judgment of the district court.